## Hacker et ux. v. Hines et ux.

October 29, 1948.

J. T. Orendorff and N. F. Harper for appellants.

Rhodes, Harlan & Willock for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellants, Winton B. Hacker and wife, and the appellees, Thomas W. Hines and wife, own adjoining lots in the city of Bowling Green, Kentucky, on Center Street. Each lot runs back 300 feet to an alley, and their dwellings front on Center Street. There are buildings at the rear end of the Hines lot, one of which is referred to in this record as an apartment house.

Appellees purchased their lot from J. U. Wade in November, 1942, whilst appellants obtained their lot in 1945. Prior to each purchase there was an open driveway from Center Street running back astride the line separating the two lots the distance of 103 feet to the rear of their respective residences, thence back to the rear alley boundary of the two lots. From the termination of the driveway to the rear of the lots, if the driveway were continued for the entire depth of the lots, were some trees, and an old fence indicating the marking at one time of the line separating the two lots. If these markings are a true indication of the division line of the properties, then the driveway for the distance of its length is one-half on the property of Hacker and one-half on the property of Hines. A short while before this action was filed appellant, Hacker, threatened to and began the erection of a fence taking in some two-thirds or more of the driveway to what he contended was the line separating the two lots.

This action was then filed by Hines and wife to enjoin him from doing so, upon the grounds that the boundary line between the two lots was in the center of the driveway and that the use of the other half of it as a driveway had been acquired by him and his remote vendors as an appurtenance to his lot claiming the right to so use it in getting to the rear of his lot, and that by such continued adverse user he had acquired by prescription an easement right over the half of the driveway on the Hacker lot. He therefore sought and obtained a temporary restraining order against the threatened

trespass of defendants by which he would be deprived of his rights to the use of the driveway.

By agreement of parties the evidence was taken by both affidavits and oral testimony heard before the court, which was taken by the court stenographer and transcribed and made a part of the record. The court by agreement of parties visited the premises, and after the proof was heard he rendered judgment locating the boundary line between the two lots so as to make part of the driveway (which was 9 or 10 feet wide) on each lot, and as we gather from the proof was about one-third of its width on the lot of plaintiffs and about two-thirds on the lot of defendants. From that judgment defendants appeal and plaintiffs have cross appealed to this court.

The proof adduced in the case extended back to 1922 when G. R. McCoy purchased the Hines lot from Martha J. McCoin. He testified that when he purchased the lot the driveway was then located where it is now, and that he used it to reach the rear part of the dwelling thereon, as so located, under a claim of right and that his vendor had likewise used it. He sold the lot in 1931 to one Jones who later sold it to one Parker, and the title later was acquired by other owners until it was purchased by Hines and wife in 1942. Each owner from McCoy to and including Hines testified that they used the passway for the purpose stated as an appurtenance to their lot. We deem it unnecessary to catalogue the witnesses so testifying, or to incorporate in detail their testimony. Suffice it to say that it was amply sufficient to support the conclusion of the court as embodied in its judgment. Of course, there could be no dispute but that each party had the right as owners of the respective portions of the driveway that was located on their lots, and under the testimony they each acquired an easement right to the portion of the driveway located on the lot of the other, which would entitle each of them to the use of the entire driveway, partly by right of ownership of its surface and partly by an easement right acquired by prescriptive use. It follows therefore that the court did not err in sustaining plaintiffs' right to the use of the driveway for the purpose stated, and enjoining defendants from interfering in any manner with that right.

On the cross appeal plaintiffs insist that the court erred in not locating the boundary line in the center of the driveway which they contended was its true location. However, the evidence was amply sufficient to support the finding of the chancellor on that issue, a part of which was the testimony of a mutually agreed upon surveyor to locate that boundary line.

The rule in this jurisdiction is that the finding of facts by a chancellor will not be disturbed unless this court on appeal therefrom entertains more than a mere doubt of the correctness thereof. We think in this case the court's findings are supported by a preponderance of evidence and, following that well established rule, we see no reason to reverse the judgment either on the appeal or the cross appeal.

Wherefore, it is affirmed both on the appeal and the cross appeal.